UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA LANG,

    Plaintiff,

v.                                           CASE NO.: 8:12-cv-1924-T-33EAJ

THERMO-PLY, INC., GEL INJECT,
INC., CHERYL A. FAY, and JOHN
N. FAY,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Motion for Partial Remand (Doc. # 4) filed on August 30, 2012. Defendants were given an opportunity to file a response in opposition to the Motion and declined to do so. The Court accordingly grants the Motion as unopposed as follows.

**Discussion**

Plaintiff filed her workers' compensation retaliation and Fair Labor Standards Act Complaint against Defendants in state court on July 19, 2012. (Doc. # 2). Service of the Complaint was effected on Defendants on or after July 27, 2012, and Defendants timely and unanimously removed the case to this Court on August 23, 2012. Defendants assert in the Notice of Removal, "Because the Complaint alleges a federal claim under the FLSA, this is a civil action arising under the laws of the United States of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331." (Doc. # 1 at ¶ 4).

However, as pointed out by Plaintiff, federal law prohibits the removal of certain types of actions by designating them as non-removable. 28 U.S.C. § 1445. In particular, civil actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Plaintiff seeks an order remanding her Florida Workers' Compensation-related claim asserted in count one of the Complaint to state court.

The Eleventh Circuit has held that retaliation claims brought under Chapter 440.205 of Florida's Workers' Compensation laws fall within the ambit of 28 U.S.C. § 1445(c) and that such removed claims must be remanded for lack of subject matter jurisdiction. See Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000)(remanding workers' compensation retaliation claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1445(c)). Alansari v. Tropic Star Seafood, Inc., No. 09-12714, 388 F. App'x 902, 906 (11th Cir. July 22, 2010)("because the district court lacks subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court."). This Court lacks subject matter jurisdiction over the Florida Workers' Compensation-related claim asserted in count one of the

2

Complaint and the Court remands such claim to state court. The Court has subject matter jurisdiction over the FLSA claim asserted in count two of the Complaint and will retain such count.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Partial Remand (Doc. # 4) is **GRANTED**.

(2) The Clerk is directed to remand Plaintiff's Workers' Compensation Retaliation Claim (count one) to State Court.

(3) The Court will retain Plaintiff's independent FLSA claim (count two).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of September 2012.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: all counsel of record

3